IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 7 |
| | ) | |
| VII HOLDINGS COMPANY | ) | Bankr. Case No. 06-10935 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOHN WILSON, | ) | |
| Appellant | ) | |
| v. | ) | Civil Action No. 07-73 (JJF) |
| | ) | |
| CAMBRIDGE PROPERTIES LLC, and | ) | |
| SOUTHBRIDGE SAVINGS BANK | ) | |
| | ) | |
| Appellees | ) | |

**MOTION OF CAMBRIDGE PROPERTIES, LLC AND
SOUTHBRIDGE SAVINGS BANK FOR ORDER EXEMPTING APPEAL
FROM MEDIATION PROCESS AND DISMISSING APPEAL**

Cambridge Properties, LLC ("Cambridge") and Southbridge Savings Bank

("Southbridge" and together with Cambridge, the "Appellees") hereby move this Court for the

entry of an Order (i) dismissing the appeal of John Wilson ("Wilson") for lack of prosecution and

failure to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure; or (ii) in the

absence of dismissal, waiving the requirements of the Order Regarding Procedures to Govern

Mediation of Appeals from the United States Bankruptcy Court for This District as relates to this

appeal and reinstating the briefing schedule. Appellees also respectfully request that the Court

order Wilson to pay their costs and attorneys' fees incurred in preparing and presenting this

motion to dismiss. In support of this Motion, Appellees state as follows:

**Background**

1.     The genesis of this appeal is Wilson's filing of an involuntary chapter 7 bankruptcy petition against the above-captioned Debtor, VII Holdings, Inc. (the "Debtor"), which was dismissed when the bankruptcy court determined that Wilson filed the involuntary petition in bad faith. As set forth in detail in Southbridge's *Motion for Entry of an Order Granting Relief from the Automatic Stay Nunc Pro Tunc or Alternatively, Dismissing the Case Nunc Pro Tunc* and Cambridge's *Motion to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc* (the "Dismissal Motions"),[1] the events preceding Wilson's filing of the involuntary petition (including Wilson's prior involuntary bankruptcy filing against the Debtor in Alabama, which likewise was dismissed), as well as Wilson's connections to certain non-Debtor parties who would directly benefit from any plan to delay the foreclosure sale, showed the unmistakable marks of an abusive, bad faith filing. See Appendix, at 2 and 3. In short, Wilson's filing of the involuntary petition was the culmination of a scheme concocted by Wilson and others acting in concert with him to frustrate Southbridge's foreclosure of a mortgage lien on a parcel of property in Massachusetts (the "Massachusetts Property") by (i) manufacturing a purported junior mortgage lien interest on the Massachusetts Property in favor of the Debtor, then (ii) attempting to gain the benefits of the automatic stay by filing an involuntary bankruptcy petition against the Debtor.

After a hearing on Southbridge and Cambridge's motions, the bankruptcy court granted the motions and entered the *Order Annulling Automatic Stay and Dismissing Involuntary Petition and Chapter 7 Case* (Appendix at 3, the "Dismissal Order") from which Wilson now

---

[1] Because Wilson failed to file a Designation of the Record on Appeal, this case was transmitted to this Court prior to Appellees' deadline to file a Counter-Designation of Record, and without any pleadings from the court below other than the Notice of Appeal. Accordingly, Appellees are filing concurrently herewith an Appendix containing relevant portions of the record from the court below.

appeals.  In so doing, the Bankruptcy Court specifically ruled that Wilson had filed the involuntary petition in bad faith. [2]

**The Appeal Should be Dismissed for Lack of Prosecution**

Bankruptcy Rule 8006 mandates that the appellant file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days after the filing of the notice of appeal.  See Fed. R. Bankr. P. 8006.  Because Wilson's notice of appeal was filed on January 23, 2007, Wilson was required to file his designation of items in the record and statement of the issues on appeal not later than February 2, 2007.  The February 2, 2007 deadline was also noted on the bankruptcy court docket. Appendix, at 6.  Wilson not only failed to file his designation of items in the record and statement of issues on appeal by February 2, 2007, but he has still failed to file anything with the bankruptcy court since his notice of appeal.  Wilson never sought an extension of the Bankruptcy Rule 8006 deadline.  Moreover, upon information and belief, Wilson was specifically made aware of the passing of the Bankruptcy Rule 8006 deadline by an employee of the Clerk of the Bankruptcy Court and still chose not to file the requisite documents.  The Clerk of the Bankruptcy Court noted Wilson's non-compliance in the bankruptcy court's transmission of the appeal to this Court, and Wilson still chose not to file the requisite documents.  Wilson's non-compliance with Bankruptcy Rule 8006 is without excuse, and thus, warrants dismissal of the appeal.  See, e.g., In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992); In re SPR Corp., 45 F.3d 70 (4th Cir. 1995); In re Advance Cellular Sys., Inc., 262 B.R. 10 (D.P.R. 2001).  Moreover, Wilson's conduct in filing a Notice of Appeal, then choosing not to timely prosecute the appeal,

---

[2] As an additional basis for dismissing the involuntary petition, the Bankruptcy Court also found abstention to be appropriate under 11 U.S.C. § 305(a).

is consistent with his prior filing of pleadings solely for the purpose of harassment or delay, and warrants entry of an order directing that Wilson pay Appellee's attorneys' fees and costs in connection with this motion.

Even if this Court were inclined to forgive late filings in the usual case, Appellees respectfully submit that this is not the usual case. Wilson's filing of the involuntary chapter 7 petition, which the Dismissal Order dismissed and which Wilson's appeal seeks to resuscitate, was made in bad faith for the specific purpose of delaying and frustrating the Appellees' rights at state law. Wilson's appeal now serves to further that same goal. There being no legitimate excuse for Wilson's failure to timely file the documents required by Bankruptcy Rule 8006, good cause exists to dismiss the appeal.[3]

**The Court should Exempt this Appeal from the Mediation Process**

If the Court determines not to dismiss this appeal, Appellees respectfully request that they be excused from the Court's general Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for This District and that the briefing deadlines imposed by the Federal Rules of Bankruptcy Procedure be reinstated. In the Dismissal Motions, Appellees maintained that Wilson participated in a bad-faith scheme to manipulate the bankruptcy process for an improper purpose. The Bankruptcy Court agreed. Continuing uncertainty regarding the finality of the Dismissal Order merely furthers that scheme by perpetuating the cloud on title to the Massachusetts Property that Wilson sought to create by filing the involuntary petition in the first place. Simply put, it is in Wilson's interest to drag out this appeal as long as possible. Equally significant, given the nature of the Dismissal Order

---

[3] Wilson undoubtedly will argue that as a pro se party he should not be charged with knowledge of the Bankruptcy Rules and should be afforded more time to respond. A review of the pleadings filed in the bankruptcy case by Wilson strongly suggests, however, that he is being advised by someone trained in the law and, in all likelihood, that the pleadings he has filed to date have been "ghost written" by such a person.

appealed from there are no disputes between Appellant and Appellees that are susceptible to resolution through mediation. As mediation would serve no purpose in this case other than to give Wilson what he sought by his bad faith filing of the involuntary bankruptcy petition, an exemption from the requirement of mediation is appropriate.

WHEREFORE, Appellees respectfully request entry of an order (i) dismissing this appeal, or in the lesser alternative, exempting this appeal from the Court's order governing mediation of appeals and reinstating the briefing schedule, (ii) awarding Appellees attorneys' fees and costs; and (iii) granting Appellees such other and further relief as may be just.

Respectfully submitted,

CAMBRIDGE PROPERTIES, LLC and
SOUTHBRIDGE SAVINGS BANK,

By their counsel,

/s/ David M. Fournier
David M. Fournier (DE No. 2812)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500

- and -

James T. Hargrove, Esq. (BBO # 550975)
Peter D. Bilowz, Esq. (BBO # 651383)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-7621

Dated: February 15, 2007

## CERTIFICATE OF SERVICE

I, David M. Fournier, hereby certify that on the 15th day of February, 2007, I

caused the foregoing **Motion of Cambridge Properties, LLC and Southbridge Savings Bank**

**for Order Exempting Appeal from Mediation Process and Dismissing Appeal** to be served

upon the following parties by U.S. Mail, first class, postage pre-paid:

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, DE  19805

John Wilson
196 West River Street
Orange, MA  01364

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, DE  19899-0035

David M. Fournier

#8330421 v2