UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------X

In re:

       VII HOLDINGS COMPANY,               Bankr. Case No. 06-10935
                                            Chapter 7 - (Involuntary)

       Debtor

-------------------------------------X

JOHN WILSON,

       Appellant,

v.                                  Case No. 07-cv-73-JJF

CAMBRIDGE PROPERTIES, LLC and
SOUTHBRIDGE SAVINGS BANK,

       Appellees

-------------------------------------X

FILED
FEB 2 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

OPPOSITION OF JOHN WILSON TO THE MOTION OF
CAMBRIDGE PROPERTIES, LLC AND SOUTHBRIDGE
SAVINGS BANK FOR ORDER EXEMPTING APPEAL
FROM MEIDATION PROCESS AND DISMISSING
<u>APPEAL</u>

COMES NOW the Appellant, John Wilson, (hereinafter "Wilson"), and hereby opposes the "Motion of Cambridge Properties, LLC and Southbridge Savings Bank for Order Exempting Appeal from Mediation Process and Dismissing Appeal".

## I. The Appeal Should Not be Dismissed for Lack of Prosecution.

In response to the motion of Cambridge Properties, LLC, (hereinafter "Cambridge"), and Southbridge Savings Bank, (hereinafter "SSB"), to dismiss for lack of prosecution, Wilson states that on or about February 17, 2007 he received notice from this Court that this case had been docketed (with assignment of a case number); that in or around the end of January to the beginning of February, 2007, he spoke with a case manager from the Clerk's office of the Bankruptcy Court who informed him that he could file his designation of the record on appeal with this Court once the [appellate] filing fee had been paid[1], the case had been docketed and a case number assigned[2]. Since that time Wilson has done

---

[1]    The filing fee was paid by Wilson on or about February 6, 2007.

[2]    At p. 3 of their [joint] motion, Cambridge and SSB correctly note that Wilson did in fact speak with "[a]n employee of the Clerk of the Bankruptcy Court" regarding Fed. R. Bankr. P. 8006. (Just how counsel found this out is unclear and somewhat disturbing to Wilson). However, contrary to Cambridge's and SSB's assertions, this employee informed Wilson that he could file his

2

so and thus is now in full procedural compliance with the Federal Rules

of Bankruptcy Procedure. *See* copy of "Appellant's Designation of the

Record on Appeal" attached hereto and incorporated herein in its

entirety by reference as Exhibit "A".

Moreover, it should be noted here that neither Cambridge nor SSB

have made an actual claim of prejudice as a result of this perceived

procedural anomoly; instead they subjectively attack the merits of

Wilson's appeal which is based upon the Bankruptcy Judge below

abusing his discretion by, *inter-alia*, failing to: (1) accord due process in

violation of 11 U.S.C. sec. 305(a), by ordering that notice and a hearing

be provided to [the petitioning creditor] Wilson so that he would be

aware prior to the hearing upon non-creditor third-party Cambridge's

motion to dismiss *nunc pro tunc* that the Court was considering

abstention as an alternate or independent statutory basis for dismssing

the underlying involuntary bankruptcy case, pursuant to 11 U.S.C. sec.

305(a); (2) accord due process in violation of Loc. R. 4001-1(a), by

ordering that notice be provided to all known parties having an interest

---

designation directly with the Clerk's office of this Court once the [appellate]
filing fee had been paid, the appeal docketed and a case number assigned.

in the subject property or relief requested[3] prior to making a final determination upon the motion of non-creditor third-parties Cambridge and SSB for annulment of the automatic stay *nunc pro tunc*, as well as ignoring the supporting documentation prerequisites in violation of Loc. R 4001-1(c), and (3) correctly determine the issue of standing of non-creditor third-party Cambridge regarding its motion to dismiss, which decision was clearly erroneous[4].

---

[3]    Pursuant to their respective motions and supporting documentation, non-creditor third-parties Cambridge and SSB were well aware that the following parties were "[k]nown parties having an interest in the property or relief requested", to wit:: (1) Jonathan C. Piehl; (2) Hobbs Abstract Company; (3) Linda S. Walker, and (4) Ara Eresian, Jr., Trustee of Zu Zu Realty Trust, u/d/t dated October 31, 1996 and recorded with the Worcester (Southern) District Registry of Deeds in Book 18790, Page 4. Indeed their theory of why the involuntary case was commenced and argument in support of the relief they requested was substantially focused and purportedly involved these entities, yet strangely and without explanation no attempt was made to provide notice of the hearing to any of them.

[4]    Additionally, it should also be noted here that there remains to be disposed by the Bankruptcy Court the issue of costs and fees pursuant to 11 U.S.C. sec. 303(i) requested by non-creditor third-parties Cambridge and SSB pursuant to their "Certification of Counsel Regarding Costs and Fees" which the Bankruptcy Court retained [continuing] jurisdction over. Wilson has filed an opposition to the Certification as well as subsequently by motion seeking clarification thereof after Cambridge and SSB filed a response seeking to have the costs and fees assessed alternatively and independently pursuant to 11 U.S.C. sec. 105(a) (and perhaps under Fed. R. Bankr. P. 9011 as well although this is somewhat unclear). Wilson surmises that the loser on this issue will likely appeal, and thereafter seek to consolidate that appeal with this one. If so, dismissal of this appeal at this point in time would work an injustice upon all of

## II. The Court should exercise its Sound Discretion whether it Should Exempt the Appeal from the Mediation of Process

While Cambridge and SSB argue in their motion that this case should be exempted from the mediation process ostensibly because it would serve no useful purpose, and while it may appear at first blush that this case is one which either is an unsuitable candidate or otherwise falls outside the scope of the mediation process, Wilson takes no position on whether the case should or should not be exempted from the process, and thus leaves the ultimate decision on this issue to the sound discretion of the Court.

WHEREFORE, John Wilson prays that the "Motion of Cambridge Properties, LLC and Southbridge Savings Bank for Order Exempting Appeal from Mediation Process and Dismissing Appeal" be denied, and for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully   submitted,

JOHN WILSON,

_____

John Wilson, PRO SE
196 West River Street
Orange, MA    01364-1415

Date:    February 23, 2007

## CERTIFICATE OF SERVICE

I, John Wilson, hereby certify that on the 23rd. day of February, 2007, I served a copy of the within document via first class mail, postage prepaid, upon the following parties:

David M. Fournier, Esquire
PEPPER HAMILTON, LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington DE    19801-1709

COUNSEL FOR:

Appellees Cambridge Properties, LLC and Southbridge Savings Bank

VII Holdings Company
2711 Centerville Road – Suite 400
Wilmington, DE    19808

(Alleged) Debtor

6

Office of the United States Trustee
844 King Street – Suite 2207
Lockbox 35
Wilmington DE    19899-0035

John Wilson

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


-------------------------------------------------X

In  re:

       VII  HOLDINGS COMPANY,                Bankr.  Case  No.  06-10935
                                                Chapter  7  -  (Involuntary)

       Debtor

-------------------------------------------------X

JOHN WILSON,

       Appellant,


v.                                   Case  No.  07-cv-73-JJF


CAMBRIDGE PROPERTIES, LLC and
SOUTHBRIDGE SAVINGS BANK,

       Appellees


-------------------------------------------------X

COPY

APPELLANT'S  DESIGNATION OF THE
RECORD  ON APPEAL

Pursuant to the provisions of Fed. R. Bankr. P. 8006, the Appellant, John Wilson, (hereinafter "Wilson"), hereby designates the record on appeal in the above captioned appeal:

1) Docket Entry No. 1[1] – Chapter 7 Involuntary Petition – (8/30/06);

2) Docket Entry No. 9 - Motion to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc by Cambridge Properties, LLC – (12/22/06);

3) Docket Entry No. 10 – Motion for Relief from the Automatic Stay Nunc Pro Tunc – (12/22/06);

4) Docket Entry No. 18 - Objection to/Opposition to Motion to Dismiss Involuntary Chapter 7 Petition Nunc Pro Tunc by John Wilson – (01/12/07);

5) Docket Entry No. 19 - Objection to/Opposition to Motion for Entry of an Order Granting Relief from the Automatic Stay Nunc Pro Tunc or Alternatively, Dismissing the Case Nunc Pro Tunc – (01/12/07);

---

[1]     All references to 'Docket Entry Nos.' herein are to the official docket record in the underlying bankruptcy case.

2

6) Docket Entry No. 20 - Order Annulling Automatic Stay and Dismissing Involuntary Petition and Chapter 7 Case – (01/16/07);

7) Docket Etnry No. 23 - Notice of Appeal by John Wilson to the United States District Court for the Third Circuit – (01/23/07).

Respectfully submitted,

JOHN WILSON,



_____

John Wilson, PRO SE
196 West River Street
Orange, MA    01364-1415

Date:   February 23, 2007

## CERTIFICATE OF SERVICE

I, John Wilson, hereby certify that on the 23rd. day of February, 2007, I served a copy of the within document via first class mail, postage prepaid, upon the following parties:

3

David M. Fournier, Esquire
PEPPER HAMILTON, LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington DE    19801-1709

COUNSEL FOR:

Appellees Cambridge Properties,
LLC and Southbridge Savings
Bank


VII Holdings Company[2]
2711 Centerville Road – Suite 400
Wilmington, DE    19808

(Alleged) Debtor

COPY

------------------------------------------

John Wilson

---

[2]        It should be noted here that Wilson has corrected herein the [alleged]
debtor's address from the address set forth in past certificates of service filed in
the underlying bankruptcy case with the United States Bankruptcy Court for
the District of Delaware, to wit: from "2700 Centerville Road – Suite 400,
Wilmington, DE 19808" to the [alleged] debtor's correct address: "2711
Centerville Road – Suite 400, Wilmington, DE 19808".

        Notwithstanding the foregoing, Wilson states that he has never received
any of his past filings back from the [alleged] debtor via the postal authorities
or otherwise and thus it is presumed that all such filings have been received by
the [alleged] debtor.

