IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Involuntary Chapter 7 |
| ) | |
| VII HOLDINGS COMPANY ) | Bankr. Case No. 06-10935 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JOHN WILSON, ) | |
| Appellant ) | |
| v. ) | Civil Action No. 07-73 (JJF) |
| ) | |
| CAMBRIDGE PROPERTIES LLC, and ) | |
| SOUTHBRIDGE SAVINGS BANK ) | |
| ) | |
| Appellees ) | |
| ) | |

## APPELLEES' CROSS-DESIGNATION OF RECORD ON APPEAL

Pursuant to Fed. R. Bankr. P. 8006, Appellees Cambridge Properties, LLC and Southbridge Savings Bank, by and through their undersigned counsel, designate the record on appeal to include the following items, in addition to each of the items listed in the Appellant's Designation of the Record on Appeal:

| Item | USBC Docket No. | Date | Description of Item Designated |
|---|---|---|---|
| 8 | 12 | 12/28/06 | Re-Notice of Hearing, with Certificate of Service |
| 9 | 13 | 12/28/06 | Re-Notice of Hearing, with Certificate of Service |
| 10 | 29 | 02/07/07 | Transcript of Hearing held on January 12, 2007 before the Honorable Brendan L. Shannon |

Dated: March 6, 2007
      Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

  /s/ Evelyn J. Meltzer
David M. Fournier (DE No. 2812)
Evelyn J. Meltzer (DE No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500

- and -

James T. Hargrove, Esq. (BBO # 550975)
Peter D. Bilowz, Esq. (BBO # 651383)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-7621

Attorneys for Cambridge Properties, LLC
and Southbridge Savings Bank

2

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| VII HOLDINGS COMPANY, | Case No. 06-10935 (BLS) |
| Debtor. | **Hearing Date: January 12, 2007 at 11:00 a.m. (Eastern)**<br>**Objection Deadline: January 5, 2007 at 4:00 p.m. (Eastern)**<br>**Related Docket No. 9** |

### RE-NOTICE OF HEARING

To: All parties on the Attached Service List

    **PLEASE TAKE NOTICE** that on December 22, 2006, Counsel for Cambridge Properties, LLC ("Cambridge") in the above-captioned matter filed and served the **Motion of Cambridge Properties, LLC to Dismiss Involuntary Chapter 7 Petition <u>Nunc</u> <u>Pro</u> <u>Tunc</u>** (the "Motion", docket number 9). The Notice originally indicated a hearing date of January 9, 2007.

    **PLEASE TAKE NOTICE THAT THE DATE AND TIME OF THE HEARING ON THE MOTION HAS BEEN CHANGED**. A hearing on the Motion now will take place before the Honorable Brendan L. Shannon, United States Bankruptcy Court, 6th Floor, 824 Market Street, Wilmington, Delaware on <u>**January 12, 2007 at 11:00 a.m. EST.**</u>

    **PLEASE TAKE FURTHER NOTICE** that in connection with the Motion, Cambridge submits the proposed form of Order attached hereto as Exhibit A.

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 Market Street, Wilmington, Delaware 19801, and served so as to be received no later than **January 5, 2007 at 4:00 p.m. (Eastern Time)** upon:

(i) Counsel for Cambridge Properties, LLC: David M. Fournier, Esquire, Pepper Hamilton

LLP, Hercules Plaza, Suite 5100, 1313 North Market Street, Wilmington, and James T.

Hargrove, Esquire, Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts

02110-3333; and (ii) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox

35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esq.

 **PLEASE TAKE FURTHER NOTICE** that if no objections to the Motion are

timely filed and served in accordance with the above procedures, an order may be entered

granting the relief requested in the Motion without further notice or a hearing.  If an objection is

properly filed and served in accordance with the above procedures, a hearing with respect to the

Motion will be held on before the Honorable Brendan L. Shannon at 824 Market Street, 6th

floor, Courtroom #1, Wilmington, Delaware 19801.  Only those objections made in writing,

timely filed with the Bankruptcy Court and received by undersigned counsel and the parties set

forth herein will be considered by the Bankruptcy Court at such hearing.

 **IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE,**

**THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE**

**MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: December 28, 2006
Wilmington, Delaware

      David M. Fournier (DE No. 2812)
      Pepper Hamilton LLP
      Hercules Plaza, Suite 5100
      1313 N. Market Street
      Wilmington, Delaware 19801
      Tel:  (302) 777-6500
      Fax:  (302) 421-8390

and

James T. Hargrove, Esq.
Peter D. Bilowz, Esq.
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Tel:  (617) 482-1776
Fax:  (617) 574-7621

*Counsel for Cambridge Properties, LLC*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| VII HOLDINGS COMPANY, | )    Chapter 7 |
| | )    Case No. 06-10935 (BLS) |
| Debtor. | ) |
| | ) |
| | )    **Relates to D.I. 9 and 10** |

## ORDER DISMISSING CASE NUNC PRO TUNC
## AND IMPOSING SANCTIONS FOR BAD FAITH FILING

UPON CONSIDERATION of the Motion Of Southbridge Savings Bank For Entry Of An Order Granting Relief From The Automatic Stay *Nunc Pro Tunc* Or Alternatively, Dismissing The Case *Nunc Pro Tunc* and the Motion Of Cambridge Properties, LLC To Dismiss Involuntary Chapter 7 Petition *Nunc Pro Tunc* (the "Motions"), good cause existing for the relief requested therein, and the Court finding that the involuntary petition in this case constitutes a bad faith filing within the meaning of 11 U.S.C. § 303(i), and adequate notice of the Motions having been provided;

IT IS HEREBY ORDERED that the Motions be and hereby are GRANTED and this chapter 7 case, and the involuntary petition filed in this case, are hereby DISMISSED effective *nunc pro tunc* to August 30, 2006; and it is further

ORDERED, that the automatic stay of 11 U.S.C. § 362 is vacated and annulled for all purposes effective as of the moment of filing of the involuntary petition in this case, and the automatic stay that otherwise would have been applicable in this case has no force or effect, whether on the August 31, 2006 foreclosure sale of the Subject Property (as defined in the Motions) or otherwise; and it is further

ORDERED that John F. Wilson, the petitioning creditor in this case, is hereby ordered to pay to Southbridge Savings Bank ("Southbridge") all attorneys' fees and expenses incurred by or on behalf of Southbridge as a result of or incident to the commencement or existence of this involuntary chapter 7 case, in an amount to be set forth in a certification of counsel detailing such fees and expenses to be filed by counsel for Southbridge within twenty days following entry of this Order; and it is further

ORDERED that John F. Wilson, the petitioning creditor in this case, is hereby ordered to pay to Cambridge Properties, LLC ("Cambridge") all attorneys' fees and expenses incurred by or on behalf of Cambridge as a result of or incident to the commencement or existence of this involuntary chapter 7 case, in an amount to be set forth in a certification of counsel detailing

such fees and expenses to be filed by counsel for Cambridge within twenty days following entry of this Order; and it is further

ORDERED that counsel for Southbridge and counsel for Cambridge may submit with the foregoing certification forms of Judgment to be entered by the Court evidencing the entry of judgment in their favor and against John F. Wilson in the respective amounts set forth in such certifications; and it is further

ORDERED that this Court shall retain jurisdiction to enter such further orders in aid of this Order as may be appropriate, and to impose such further sanctions as the Court may determine.

Dated:_____, 2007

_____
Brendan L. Shannon
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, David M. Fournier, hereby certify that on the 28th day of December, 2006, I

caused the foregoing **Re-Notice of Hearing** to be served upon the following parties by first

class mail.

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, DE  19805

John Wilson
196 West River Street
Orange, MA  01364

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, DE  19899-0035

David M. Fournier

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| VII HOLDINGS COMPANY, | Case No. 06-10935 (BLS) |
| Debtor. | **Hearing Date: January 12, 2007 at 11:00 a.m. (Eastern)**<br>**Objection Deadline: January 5, 2007 at 4:00 p.m. (Eastern)**<br>**Related Docket No. 10** |

<u>**RE-NOTICE OF HEARING**</u>

To: All parties on the Attached Service List

   **PLEASE TAKE NOTICE** that on December 22, 2006, Counsel for Southbridge

Savings Bank ("Southbridge") in the above-captioned matter filed and served the **Motion of**

**Southbridge Savings Bank for Entry of an Order Granting Relief from the Automatic**

**Stay <u>Nunc</u> <u>Pro</u> <u>Tunc</u> or Alternatively, Dismissing the Case <u>Nunc</u> <u>Pro</u> <u>Tunc</u>** (the "Motion",

docket number 10).  The Notice originally indicated a hearing date of January 9, 2007.

   **PLEASE TAKE NOTICE THAT THE DATE AND TIME OF THE**

**HEARING ON THE MOTION HAS BEEN CHANGED**.  A hearing on the Motion now will

take place before the Honorable Brendan L. Shannon, United States Bankruptcy Court, 6th

Floor, 824 Market Street, Wilmington, Delaware on **<u>January 12, 2007 at 11:00 a.m. EST.</u>**

   **PLEASE TAKE FURTHER NOTICE** that in connection with the Motion,

Southbridge submits the proposed form of Order attached hereto as Exhibit A.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, filed with the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court"), 824 Market Street, Wilmington, Delaware 19801, and

served so as to be received no later than **January 5, 2007 at 4:00 p.m. (Eastern Time)** upon: (i)

Counsel for Cambridge Properties, LLC: David M. Fournier, Esquire, Pepper Hamilton LLP,

Hercules Plaza, Suite 5100, 1313 North Market Street, Wilmington, and James T. Hargrove,

Esquire, Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110-3333; and

(ii) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington,

Delaware 19801, Attn: David Buchbinder, Esq.

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Motion are

timely filed and served in accordance with the above procedures, an order may be entered

granting the relief requested in the Motion without further notice or a hearing.  If an objection is

properly filed and served in accordance with the above procedures, a hearing with respect to the

Motion will be held on before the Honorable Brendan L. Shannon at 824 Market Street, 6th

floor, Courtroom #1, Wilmington, Delaware 19801.  Only those objections made in writing,

timely filed with the Bankruptcy Court and received by undersigned counsel and the parties set

forth herein will be considered by the Bankruptcy Court at such hearing.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE,**

**THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE**

**MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: December 28, 2006
Wilmington, Delaware

David M. Fournier (DE No. 2812)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 777-6500
Fax:  (302) 421-8390

and

James T. Hargrove, Esq.
Peter D. Bilowz, Esq.
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Tel:  (617) 482-1776
Fax:  (617) 574-7621

*Counsel for Southbridge Savings Bank*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VII HOLDINGS COMPANY, | ) | Chapter 7 |
| | ) | Case No. 06-10935 (BLS) |
| Debtor. | ) | |
| | ) | |
| | ) | **Relates to D.I. 9 and 10** |

## ORDER DISMISSING CASE NUNC PRO TUNC
## AND IMPOSING SANCTIONS FOR BAD FAITH FILING

UPON CONSIDERATION of the Motion Of Southbridge Savings Bank For Entry Of An Order Granting Relief From The Automatic Stay *Nunc Pro Tunc* Or Alternatively, Dismissing The Case *Nunc Pro Tunc* and the Motion Of Cambridge Properties, LLC To Dismiss Involuntary Chapter 7 Petition *Nunc Pro Tunc* (the "Motions"), good cause existing for the relief requested therein, and the Court finding that the involuntary petition in this case constitutes a bad faith filing within the meaning of 11 U.S.C. § 303(i), and adequate notice of the Motions having been provided;

IT IS HEREBY ORDERED that the Motions be and hereby are GRANTED and this chapter 7 case, and the involuntary petition filed in this case, are hereby DISMISSED effective *nunc pro tunc* to August 30, 2006; and it is further

ORDERED, that the automatic stay of 11 U.S.C. § 362 is vacated and annulled for all purposes effective as of the moment of filing of the involuntary petition in this case, and the automatic stay that otherwise would have been applicable in this case has no force or effect, whether on the August 31, 2006 foreclosure sale of the Subject Property (as defined in the Motions) or otherwise; and it is further

ORDERED that John F. Wilson, the petitioning creditor in this case, is hereby ordered to pay to Southbridge Savings Bank ("Southbridge") all attorneys' fees and expenses incurred by or on behalf of Southbridge as a result of or incident to the commencement or existence of this involuntary chapter 7 case, in an amount to be set forth in a certification of counsel detailing such fees and expenses to be filed by counsel for Southbridge within twenty days following entry of this Order; and it is further

ORDERED that John F. Wilson, the petitioning creditor in this case, is hereby ordered to pay to Cambridge Properties, LLC ("Cambridge") all attorneys' fees and expenses incurred by or on behalf of Cambridge as a result of or incident to the commencement or existence of this involuntary chapter 7 case, in an amount to be set forth in a certification of counsel detailing

such fees and expenses to be filed by counsel for Cambridge within twenty days following entry of this Order; and it is further

ORDERED that counsel for Southbridge and counsel for Cambridge may submit with the foregoing certification forms of Judgment to be entered by the Court evidencing the entry of judgment in their favor and against John F. Wilson in the respective amounts set forth in such certifications; and it is further

ORDERED that this Court shall retain jurisdiction to enter such further orders in aid of this Order as may be appropriate, and to impose such further sanctions as the Court may determine.


Dated:_____, 2007            _____
                                  Brendan L. Shannon
                                  United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, David M. Fournier, hereby certify that on the 28th day of December, 2006, I caused the foregoing **Re-Notice of Hearing** to be served upon the following parties by first class mail.

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, DE 19805

John Wilson
196 West River Street
Orange, MA 01364

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, DE 19899-0035

David M. Fournier

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
IN RE:                         . Case No. 06-10935(BLS)
                               .
                               . Chapter 7
    VII HOLDINGS COMPANY,      .
                               . 824 Market Street
                               . Wilmington, Delaware  19801
         Involuntary Debtor. .
                               . January 12, 2007
. . . . . . . . . . . . . . . . 11:02 a.m.
```

TRANSCRIPT OF MOTION HEARING
BEFORE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

```
For the U.S. Trustee:        Office of the U.S. Trustee
                             By:  DAVID BUCHBINDER, ESQ.
                             J. Caleb Boggs Federal Building
                             844 King Street
                             Suite 2313
                             Lockbox 35
                             Wilmington, DE  19801


For Cambridge Properties,    Pepper Hamilton, LLP
LLC and Southbridge Savings  By:  DAVID M. FOURNIER, ESQ.
Bank:                        Suite 5100
                             1313 Market Street
                             Wilmington, DE 19899


Audio Operator:              Brandon McCarthy
```

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

2

```
APPEARANCES (Cont'd.):

For Cambridge Properties,    Goulston & Storrs
LLC and Southbridge Savings  By:  JAMES T. HARGROVE, ESQ.
Bank:                        400 Atlantic Avenue
                             Boston, MA  02110
                             (Telephonic Appearance)


For John Wilson:             JOHN WILSON, PRO SE
                             (Telephonic Appearance)
```

3

1             THE CLERK:  All rise.

2             THE COURT:  Please be seated.  Mr. Fournier, good

3   morning.

4             MR. FOURNIER:  Good morning, Your Honor.  David

5   Fournier on behalf of the moving creditors, Southbridge Savings

6   Bank and Cambridge Properties.  Your Honor, I do have

7   co-counsel on the line as well, James Hargrove of the Goulston

8   & Storrs firm --

9             THE COURT:  Very good.

10            MR. FOURNIER:  -- but I'll be presenting the motions.

11  Your Honor, just as an initial matter, we did submit an agenda

12  in connection with this hearing identifying the motions going

13  forward and that there was no opposition.  This morning I

14  received by Federal Express an opposition from Mr. Wilson.  I

15  apologize for not having had an opportunity to submit an

16  amended agenda, but I just received it.

17            THE COURT:  Is there another copy?  I have not seen

18  it.

19            MR. FOURNIER:  Yes, there is.  I made a copy for you.

20            THE COURT:  Thank you.

21            MR. FOURNIER:  And, Your Honor, I understand from

22  Your Honor's clerk that Mr. Wilson is participating by

23  telephone.

24            THE COURT:  Very good.

25            MR. FOURNIER:  Your Honor, I don't know if the Court

26  has had an opportunity to read the --

**J&J COURT TRANSCRIBERS, INC.**

4

1          THE COURT:  I have read --

2          MR. FOURNIER:  -- the pleadings --

3          THE COURT:  I have read both of the motions and

4  carefully reviewed them and the attachments, as well as

5  reviewing the docket and the filings in the case itself.  What

6  I'd like to do is proceed -- first, your agenda reflects

7  proceeding first with Cambridge Properties' motion to dismiss

8  the petition, and then second is the motion of Southbridge.  I

9  would like to take them in reverse order.

10          MR. FOURNIER:  That's fine, Your Honor.

11          THE COURT:  And we'll consider the Southbridge motion

12  for relief from the stay and alternatively for dismissal of the

13  case before we turn to the Cambridge Properties motion.

14  They're obviously consistent.  You're counsel for both of them,

15  correct?

16          MR. FOURNIER:  That is correct, Your Honor.

17          THE COURT:  Very good.

18          MR. FOURNIER:  Your Honor, one threshold matter here.

19  In light of the fact that Mr. Wilson has filed these papers

20  late -- the objection deadline was last week in connection with

21  this matter, so we do not have a witness in court as a result

22  of that, because this had been listed as an uncontested matter.

23  So, to the extent that when we conclude the Court determines

24  that evidence is required, we would request that the Court

25  adjourn to a subsequent hearing date to give us an opportunity

**J&J COURT TRANSCRIBERS, INC.**

5

1  both to bring a witness to court as well as to take a 2004

2  examination.

3          THE COURT:  I understand and I have reviewed -- and I

4  will review the opposition of the petitioning creditor, John

5  Wilson, that I've just received, but -- and I will not strike

6  it even though it is untimely.  I think it's appropriate to

7  provide accommodations to pro se litigants wherever possible,

8  so I will consider the response today.  Proceed.

9          MR. FOURNIER:  Thank you, Your Honor.  Your Honor,

10 taking first the motion of Southbridge Savings Bank for relief

11 from the automatic stay, Your Honor, Southbridge, as the papers

12 reflect, holds a mortgage lien on a parcel of real property

13 located in Massachusetts.  It has been in the process now for

14 approximately five to six years of foreclosing on that parcel

15 of property.

16         The property and the lien interests in the property

17 have an interesting history.  The property originally, Your

18 Honor, was owned by the parents of a Mr. Peel and Ms. Walker,

19 brothers and sisters, who are the owners of the property.  They

20 inherited the property as tenants in common.  The papers

21 identify the bankruptcy process for the 50 -- for Mr. Peel, who

22 had a 50 percent interest in the property.  That process

23 dragged on for a period of years as the Court can see from the

24 papers, and Southbridge succeeded in 2006 in securing relief

25 from the automatic stay to proceed with the foreclosure action.

6

1          THE COURT:  I did see Judge Boroff's order.

2          MR. FOURNIER:  Your Honor, the other 50 percent

3  interest in the property is what brings us before the Court

4  today.  The other 50 percent interest in the property was owned

5  by Ms. Walker who, in August of 2001, conveyed her one-half

6  undivided interest in the property to a trust, ZuZu Realty

7  Trust, of which Mr. Irizian (phonetic) is the trustee.  When

8  Mr. Irizian failed to enjoin the foreclosure sale of that

9  property in Massachusetts --

10         THE COURT:  He had -- as I understand it from the

11 papers, Mr. Irizian had actually filed papers in Massachusetts

12 State Court seeking to enjoin the sale.  Is that correct?

13         MR. FOURNIER:  That's correct.

14         THE COURT:  Okay.

15         MR. FOURNIER:  Your Honor -- let me just back up here

16 -- okay.  Staring in 2006, during the Peel bankruptcy

17 proceeding, Mr. Irizian, as trustee of the ZuZu Realty Trust,

18 apparently granted a mortgage on the property to an entity

19 related to him, Hobbs Abstract Company.  We don't have the

20 details with respect to that transfer, but suffice it to say

21 that he transferred a mortgage interest in that property,

22 again, a one-half interest in the property.  Shortly prior to

23 the actual foreclosure sale on the property, the entity to

24 which he had assigned his interest, his mortgage lien, Hobbs

25 Abstract Company, itself assigned to the debtor in this

**J&J COURT TRANSCRIBERS, INC.**

7

1  proceeding, VII Holdings Company, a 50 percent interest in

2  Hobbs's putative junior mortgage.  I say putative because we

3  don't have any --

4          THE COURT:  Documentation.

5          MR. FOURNIER:  -- details to determine it's a

6  legitimate mortgage lien.

7          THE COURT:  I understand.

8          MR. FOURNIER:  So, Your Honor, what this debtor

9  purportedly holds is a one-half interest in a mortgage on a

10 one-half interest in a piece of real property.  Your Honor,

11 that occurred, as the papers indicate, two days prior to the

12 foreclosure sale.  One day prior to the foreclosure sale, Mr.

13 Wilson filed this involuntary Chapter 7 petition against the

14 debtor.  Your Honor, the Court has no detail with respect to

15 what interest Mr. Wilson has in this debtor.

16         In the -- Your Honor will see -- I know the Court

17 hasn't had an opportunity to read through the papers, but Your

18 Honor will see that when Mr. Wilson filed his response to these

19 papers, he doesn't identify what interest he has in this case,

20 the origins of any purported debt owed by VII Holdings.  There

21 is no detail as to what VII Holdings is.  Is it a corporation

22 that is set up for the sole purpose of staying foreclosure

23 sales in various jurisdictions?  We know that the petition here

24 was filed one day prior to the foreclosure sale in

25 Massachusetts.  We've given the Court information in the

**J&J COURT TRANSCRIBERS, INC.**

8

1  pleadings about a similar involuntary petition filed by Mr.

2  Wilson in Alabama to stay a foreclosure sale.

3          We don't know, Your Honor, what assets VII Holdings

4  has, what other creditors.  We do know that VII Holdings hasn't

5  appeared in response to the involuntary petition that was

6  filed.  We don't know who the officers or directors of VII

7  Holdings are, what relationship they have to Mr. Wilson or Mr.

8  Irizian, but what we do know is that this appears to be a

9  fairly considered scheme to stay a foreclosure sale and to

10  stave the process off long enough for this Court to get to the

11  point where we're at today, which is the motion to dismiss the

12  case.  Your Honor --

13          THE COURT:  We reviewed the docket, and there doesn't

14  seem to have been any activity in the case.

15          MR. FOURNIER:  There has been no activity in this

16  case since the filing of the involuntary.  There has been in

17  Massachusetts an action by my client, Cambridge Properties.

18          THE COURT:  The eviction proceeding in Hamilton

19  Court.

20          MR. FOURNIER:  The eviction proceedings, exactly, in

21  which proceedings the tenants in the property, Mr. Peel, has

22  raised the pendency of this action and the purported existence

23  of the automatic stay as it relates to that real property as a

24  basis for denying relief in the eviction proceedings, or

25  maintaining that the foreclosure sale under Third Circuit law

**J&J COURT TRANSCRIBERS, INC.**

9

1 was void by virtue of the automatic stay.

2          So, Your Honor, what we're requesting of the Court

3 today is twofold relief -- relief from the automatic stay nunc

4 pro tunc to the date of the filing of the case, as well as a

5 dismissal of the case nunc pro tunc.  We're also seeking, Your

6 Honor, sanctions for bad faith filing of the petition.  Your

7 Honor, our clients both have incurred fees in the eviction

8 proceeding, as well as before this Court, in seeking relief for

9 what appears to be a filing intended solely for the purpose of

10 staying that foreclosure sale and not for the purpose of

11 advancing any legitimate right under Chapter 11.

12          THE COURT:  Okay.  Mr. Wilson, are you there?

13          MR. WILSON:  Yes.

14          THE COURT:  Do you have a response, sir?

15          MR. WILSON:  Yes, well, I'd just like to first state

16 with regard to the filing, my opposition, or the oppositions

17 that I filed, that I'd like the Court to note on the first page

18 that on December 22nd, 2006, supposedly these papers were

19 mailed, but I did not receive them until January 6th of this

20 year.  So that's why I didn't respond before that.  Prior to

21 receiving the papers on January 6th, I received on January 3rd,

22 a copy of the orders that counsel was seeking to have the Court

23 rule upon, and also was attached notice of the hearing that has

24 now since been rescheduled.  I received that on the 3rd, and

25 the postmark was 27th.  So I actually received the orders, or

**J&J COURT TRANSCRIBERS, INC.**

1 | the proposed orders, and the notice of the hearing prior to
2 | actually receiving the papers and the motions.
3 |       Now, I was on the phone with the Court on January
4 | 4th, which was a scheduled status conference, and I waited on
5 | the phone for Your Honor to come on the phone for 45 minutes,
6 | and then I was informed that the status conference was
7 | canceled.  And I just want to tell the Court that at that time
8 | I was going to raise this particular problem so that there
9 | would be no question, you know, with regard to my filing an
10 | opposition.  So, I just want to make the Court aware of that.
11 | I didn't receive the actual papers until January 6th, and I put
12 | together my opposition, or oppositions, as quickly as I could.
13 |       That being said, I'm a little bit at a loss here on
14 | this matter because as matters stand right now, it's my
15 | understanding that there is no trustee assigned to the case,
16 | and I don't know exactly -- you know, I think it's important
17 | that a Chapter trustee -- seven trustee look into this and see
18 | what the interest of the debtor is in the property.
19 |       You know, beyond that, I don't know very much what to
20 | say.  All of these papers that are attached are, you know,
21 | things that I was somewhat unfamiliar with, and, therefore, you
22 | know, like I said, I'm at a loss.  I really don't know what to
23 | say.  I don't know Mr. Peel.  I never met him.  I don't know
24 | this Ms. Walker.  I've never met her.  I did contact Mr. Peel
25 | after the filing only because I just wanted to let him know

**J&J COURT TRANSCRIBERS, INC.**

11

1  what had happened and so that he wouldn't pay any monies, if he

2  intended to, over to the VII Holdings Company.

3         So, I didn't know about the sale.  I see in the

4  papers that there is an Attorney Cotton involved, who

5  represented the -- I guess it's the Southbridge Savings Bank.

6  And if I had known that there was a foreclosure that was going

7  to be held the next day, I would have attempted to contact him

8  directly.  So, you know, the allegation in the papers that I

9  knew about this sale is simply untrue.  I just contacted Mr.

10 Peel to let him know that I -- you know, that I filed this and

11 that, you know, he shouldn't pay VII Holdings.  I see that he

12 wrote a letter to Mr. Cotton about the -- apparently about the

13 foreclosure, but, you know, I didn't have any knowledge of

14 that.  So, if the basis for relief of the stay here is that --

15 you know, that somehow this is some sort of scheme cooked

16 between Mr. Peel and myself and Mr. Irizian, the answer is

17 absolutely not, because I didn't know about -- I didn't know

18 about the sale.

19         THE COURT:  Are you a creditor of VII Holdings?

20         MR. WILSON:  Yes.  Yes, I am.  That's on my Chapter 7

21 petition.

22         THE COURT:  I understand.  What's the nature of your

23 claim against VII Holdings?

24         MR. WILSON:  It was for money -- for money loaned.

25         THE COURT:  Who runs VII Holdings?

**J&J COURT TRANSCRIBERS, INC.**

12

1          MR. WILSON:  I don't know who --

2          THE COURT:  Who did you loan the money to?

3          MR. WILSON:  To VII Holdings.

4          THE COURT:  Was there someone at VII Holdings?  When

5     did you loan the money?

6          MR. WILSON:  You know, I don't have the petition.  I

7     think it's on the petition.  I don't have it in front of me.

8          THE COURT:  How much money did you loan to VII

9     Holdings?

10          MR. WILSON:  Nineteen thousand five hundred dollars.

11          THE COURT:  And how much -- and with whom did you

12     deal at VII Holdings?

13          MR. WILSON:  There was a Mr. DiMari and there was a

14     Mr. Conklin.

15          THE COURT:  What was the money loaned for?

16          MR. WILSON:  They wanted, you know, to borrow some

17     money and I lent it to them.

18          THE COURT:  What is VII Holdings' business?

19          MR. WILSON:  As far as I know, it's a real estate

20     company.

21                         (Pause)

22          MR. WILSON:  I would like to point out also that the

23     sale, from what I understand, apparently went through.

24          THE COURT:  It did.

25          MR. WILSON:  And what I don't -- what I can't quite

**J&J COURT TRANSCRIBERS, INC.**

1  understand is -- because, you see, I've called Hobbs Abstract

2  Company, who has the other part of the interest in the

3  mortgage, and I spoke to a -- her name is Mrs. Aharoonian

4  (phonetic) -- Aharonian (phonetic), and she, who I guess is the

5  principal, one of the principals of Hobbs, and she told me that

6  she understands that approximately $100,000 is being held in

7  the sale by this Attorney Cotton, and she had (indiscernible)

8  to be paid and nothing has happened.  So, I -- as far as, I

9  guess, the issue of adequate security, they've got all the

10 money, so I don't know, you know, why this is happening.

11         THE COURT:  Isn't the question of whether or not

12 money should be paid out to you or to anybody else who may have

13 an interest in this property more properly a question for the

14 Massachusetts Bankruptcy Court handling Mr. Peel's bankruptcy?

15         MR. WILSON:  I understand Mr. Peel is not in

16 bankruptcy anymore.  I think his case was closed -- I mean, it

17 ended.

18         THE COURT:  He's obtained his discharge?

19         MR. WILSON:  Yes, as far as I know, he did.  One

20 other thing that I think is important, Judge, is that, you

21 know, obviously in the papers that have been filed by counsel,

22 you have three interested parties that have not been served

23 with this particular motion, being -- obviously Hobbs Abstract

24 Company being one, and Mr. Peel and Mr. Irizian.  So, I just

25 don't, you know, know how the Court feels about that.

**J&J COURT TRANSCRIBERS, INC.**

14

1 Obviously they have either a stake or a potential stake in

2 either the property or the funds, and --

3          THE COURT:  Do they have claims against VII Holdings?

4          MR. WILSON:  I don't know that.  I have no idea, and

5 I would think that it would be important, however -- I read the

6 local rule, I can't think of the number of it, but it said that

7 all interested parties should be notified.  You have this

8 entity, Cambridge.  I don't know -- I don't know them.  And

9 then you have the bank.  And Cambridge may or may not be a

10 party in interest, whereas, you know, obviously Hobbs and Mr.

11 Peel and Mr. Irizian, you know, are.  So, I just --

12          THE COURT:  Well, as I understand it, Cambridge

13 purchased the property at the foreclosure sale, correct?

14          MR. WILSON:  Well, that's what they claim in the

15 papers.

16          THE COURT:  And it is your --

17          MR. WILSON:  I wasn't there.

18          THE COURT:  And it is your purpose and intention by

19 filing the involuntary against VII Holdings to preclude them

20 from taking possession of it by operation of the automatic

21 stay.  Is that correct?

22          MR. WILSON:  No.  No, that's not correct.  I don't --

23 I don't have any interest in the possession of the property.

24 I'm not a party to this eviction case.  I have no interest in

25 the eviction case.  The only interest that I might have is that

15

1  if for -- if Mr. Peel is evicted, then I would worry that --

2  and this is a single-family house -- I would worry that the

3  property would be, you know, abandoned, or -- it's not in very

4  good shape as it is.  I have driven by it, and I would just

5  think that the possibility of some type of --

6          THE COURT:  What does --

7          MR. WILSON:  -- you know, harm could come to the

8  property.

9          THE COURT:  What does any of this have to do with

10  your claim against VII Holdings?  This is an asset of VII

11  Holdings.  Why don't you just sue VII Holdings if they haven't

12  paid you?

13          MR. WILSON:  Yes.  I -- I don't -- I'm sorry, I don't

14  understand.

15          THE COURT:  Mr. Fournier?

16          MR. FOURNIER:  Your Honor, a couple things.  One, Mr.

17  Wilson says that he had no knowledge of the foreclosure

18  proceeding.  I find it a remarkable coincidence not only that

19  the involuntary petition was filed on the eve of foreclosure in

20  this case, but it's the second time it happened.  It happened

21  once down in Alabama as well.  It's strains credulity, Your

22  Honor, to suggest that that's true.

23          Your Honor, the point Your Honor made I think is the

24  right one.  What Mr. Wilson is describing, if what he is

25  describing is true, is a two-party dispute between himself and

1  VII Holdings, and he has not indicated that he has brought

2  suit.  He has not indicated that he has a judgment.  There is

3  no indicating that they're insolvent.  So, Your Honor, it seems

4  to me that relief from -- or that a dismissal of the case at

5  the very least is warranted based on the facts before the

6  Court.  Beyond that, Your Honor, though, I think that the Court

7  has more than adequate information before it to make the

8  determination that this is, in fact, a bad faith filing and to

9  award sanctions as a result of that.  If the Court deems a

10  further evidentiary hearing on that point to be necessary,

11  certainly we could do that, but I think the Court already has

12  adequate information before it to make that determination.

13        THE COURT:  Okay.  We are going to take a ten minute

14  break.  As I said, Mr. Wilson, I will consider your

15  representations and your statements on the record this morning,

16  but I do want to have the opportunity to review your opposition

17  while it was just received this morning.  As I said, it's been

18  the practice in this court, and I'm sure in other Federal

19  Courts, that we do what we can to accommodate the needs and

20  interests of pro se litigants.  So, I will consider your

21  opposition.  We will take a ten minute break, and then we will

22  reconvene.  Stand in recess.  Please stay on the line,

23  gentlemen.

24                        (Recess)

25        THE CLERK:  All rise.

**J&J COURT TRANSCRIBERS, INC.**

1           THE COURT:  Please be seated.  Mr. Wilson, I've had

2    an opportunity to review your response.  Are the parties still

3    on the phone?

4           MR. WILSON:  Yes, I'm here.

5           THE COURT:  Very good.  Mr. Wilson, what is your

6    relationship with Mr. Irizian?  You stated that you were not

7    familiar with Mr. Peel.  Are you familiar with Mr. Irizian?

8           MR. WILSON:  Yes, I am.

9           THE COURT:  Okay.  And what is your relationship with

10   him?

11          MR. WILSON:  Well, I have had a couple of cases with

12   him.

13          THE COURT:  A couple of cases?

14          MR. WILSON:  Yes.

15          THE COURT:  What do you mean by cases?  Bankruptcy

16   cases, legal cases?

17          MR. WILSON:  No -- well, one of them -- two of them

18   were civil cases, and one of them was a bankruptcy case.

19          THE COURT:  Okay.  Mr. Buchbinder, does the Office of

20   the United States Trustee have anything to add?

21          Mr. BUCHBINDER:  Your Honor, Dave Buchbinder for the

22   United States Trustee.  I'm here appearing just as an observer

23   this morning.  I have reviewed the dockets of the Alabama case

24   and I have reviewed the docket of the Peel case, and if the

25   Court has any questions, I'll be happy to respond, but I have

1  nothing to add this morning, Your Honor.

2          THE COURT:  I have no questions for the Office of the

3  United States Trustee.  All right.  As I said, Mr. Wilson, I've

4  had an opportunity to review your response, and likewise I have

5  heard and considered your comments on the record today to the

6  Court.  Let me note as a threshold matter that Mr. Wilson

7  raised concerns with regard to the sufficiency and adequacy of

8  service of the documents.  We have during the break gone back

9  and reviewed -- there are affidavits of service on file signed

10  by counsel for the moving party, Mr. Fournier, reflecting

11  timely service.  Case law is clear in this jurisdiction and

12  others that that is -- timely filed certificates of service

13  create a presumption of receipt that must be rebutted by more

14  than a simple allegation of non-receipt.  Nevertheless, I find

15  that any concern with regard to the sufficiency of service has

16  been cured first by the Court's willingness to allow Mr. Wilson

17  to appear even in the absence of a timely filed response and

18  then by the Court's willingness to review and consider the

19  response that Mr. Wilson made.  So, I am satisfied with service

20  leading up.

21          Based on the record before me, I do conclude that the

22  commencement of these proceedings were for no other purpose

23  than to improperly frustrate the efforts of Southbridge and

24  Cambridge to follow through on the purchase of the Charlton

25  property.  Mr. Wilson's comments and representations to the

19

1  Court that he filed this case without notice of the

2  Massachusetts foreclosure is simply not credible.  I further

3  note that the sale occurred pursuant to a valid and final order

4  of the Massachusetts Bankruptcy Court, and the record does

5  reflect that there were substantial proceedings in that court

6  in order to obtain that relief.

7        So, given that, I find that cause does exist for

8  relief from the stay, and given that this case has been filed

9  in bad faith and for an improper purpose, I will annul the

10 automatic stay effective back to August 30, 2006, which I

11 believe is the date of filing of the involuntary petition, and

12 I will do so pursuant to 11 U.S.C. Section 362(d).

13 Accordingly, I do conclude that based on that annulment the

14 sale of the Charlton property did not occur in violation of the

15 automatic stay and is, therefore, neither void nor voidable

16 under Title 11 of the United States Code.

17       Now, the parties have asked that I dismiss this case

18 nunc pro tunc to August 30, or actually Cambridge has requested

19 nunc pro tunc dismissal.  I will dismiss the case, but that

20 dismissal will be effective as of today.  Given annulment of

21 the stay, I think that dismissal nunc pro tunc is not necessary

22 for the purposes of the parties, even if it is procedurally

23 proper, which is a question that I don't address today.  So,

24 the dismissal of the case would be as of today, not nunc pro

25 tunc to August 30.

**J&J COURT TRANSCRIBERS, INC.**

20

1          Consequently, I will dismiss the case and I will

2    dismiss the petition as well.  Under each of Section 303(i),

3    305(a)(1) and Section 707(a) of the Bankruptcy Code, and I find

4    that there is cause and grounds for dismissal of the petition

5    and the case under each of those statutory predicates.  At

6    bottom, I find that cause exists for dismissal in the interest

7    of justice and the interests of creditors and the debtor will

8    be best served by dismissal of a case that has been commenced

9    for an improper purpose.

10         In addition, I note that Section 707(a) requires that

11   the Court find cause for dismissal, and the case law supports

12   the proposition that bad faith is cause for dismissal and a bad

13   faith filing is determined from the totality of the

14   circumstances.  I have considered Mr. Wilson's response.  I

15   have considered his submission to the Court as well and his

16   representations today to the Court on the record in evaluating

17   whether or not dismissal is appropriate, and I do find based

18   upon that record that dismissal of the case is appropriate.

19         I find also that the allegations and the paper record

20   submitted by Cambridge Properties and by Southbridge alleging

21   that this is part of an effort to improperly frustrate a

22   process commenced by a sister court, the Massachusetts

23   Bankruptcy Court, and now presently proceeding in Massachusetts

24   State Court is -- that that is what is occurring here.  So I

25   will find that dismissal of the case is appropriate.

1        As to Mr. Wilson, I find that dismissal of the case

2   will not significantly prejudice him.  He has alleged without

3   backup or meaningful proof that he has a claim of at least

4   $19,500 against VII Holdings, and there is nothing in the

5   record that would suggest that he is precluded or otherwise

6   stopped from suing VII Holdings for recovery on his note

7   outside of an involuntary bankruptcy proceeding.

8        The movants have requested fees and expenses assessed

9   against the petitioning creditor, and I will consider that

10  request.  I am not granting such a request today, but I will

11  consider that request following submission under certification

12  of such fees and expenses of moving counsel, and I will direct

13  that that certification and the documentation of those fees and

14  expenses be submitted also to Mr. Wilson.  The Court will

15  consider it.  If Mr. Wilson has a response, I will consider

16  that response and either rule or would schedule a further

17  hearing.

18       Mr. Fournier, looking at the form of order that you

19  have submitted, I think we need to modify it slightly.  As I

20  said, the dismissal of the case is pursuant to 303(i),

21  305(a)(1) and 707(a), each of those as independent statutory

22  grounds for dismissal.  Likewise, I want it clear that the

23  motion provides for dismissal as of today, with the stay being

24  annulled effective as of the filing of the petition.

25       MR. FOURNIER:  Very well, Your Honor.

**J&J COURT TRANSCRIBERS, INC.**

1            THE COURT:  And so to the extent that we need to

2    modify the order to reflect that that request for relief is

3    granted, I'll trust that you'll be able to revise that and

4    submit it to the Court under certification.  And finally, it

5    will require some modification to the provisions relating to

6    fees and expenses in order to provide for the procedure that I

7    just laid out.

8            MR. FOURNIER:  Thank you, Your Honor.  We'll revise

9    the order and submit it under certification of counsel.

10            THE COURT:  Very good.  Are there any questions?

11            MR. WILSON:  Judge?

12            THE COURT:  Yes, Mr. Wilson.

13            MR. WILSON:  Am I going to receive a copy of this

14    order as revised?

15            THE COURT:  You will, yes, sir.

16            MR. WILSON:  Okay.

17            THE COURT:  And I will direct that Mr. Fournier

18    provide it to you.

19            MR. WILSON:  Okay.  Now, I have one other question.

20    Does this -- does it mean now that any appeal I want to take

21    commences as of today?

22            THE COURT:  Mr. Wilson, to the extent that you have

23    rights to appeal or to seek relief from this -- from my order

24    today, I cannot give you guidance.  The order itself will be

25    entered promptly upon submission by the Court.  My ruling -- I

1  have submitted my ruling today.  The order will not be -- will

2  not be on the docket until it's submitted by Mr. Fournier, but

3  I can't give you guidance on how to prosecute an appeal or

4  otherwise give you legal advice.  That's --

5          MR. WILSON:  Oh, no, no.  I'm not asking for that.  I

6  just know that in my review of the local rules it says that

7  there's a ten-day period to -- where everything stays in place,

8  and I'm asking the Court is that ten-day period not in effect

9  or is it?

10          MR. FOURNIER:  Your Honor, I believe that he's

11  referring to the ten-day stay under Rule 4001 for orders

12  granting relief from the automatic stay.

13          MR. WILSON:  Yes.

14          THE COURT:  Mr. Fournier, have you requested relief

15  from Rule 4001?

16          MR. FOURNIER:  Your Honor, I believe that our motion

17  requested the relief be effective immediately.

18                      (Pause)

19          MR. FOURNIER:  Your Honor, I don't believe the papers

20  contain an express request for relief from that -- from Rule

21  4001.  In light of the basis on which the Court has made its

22  ruling, however, I would make an oral request for that relief

23  and we request that the order be effective immediately.

24          THE COURT:  Mr. Wilson?

25          MR. WILSON:  Well, I -- I leave that up to you.  I

24

1  just wanted to know where I stood.

2          THE COURT:  Okay.  I will grant the debtor's -- the

3  movant's request for relief from the ten-day stay under the

4  Bankruptcy Rules, and I will direct that the order be effective

5  immediately, and I will look for the order from counsel.

6          MR. FOURNIER:  Very well, Your Honor.  Your Honor,

7  just to be clear, we'll be submitting the order to the Court.

8  We'll make -- we'll submit it to Mr. Wilson at the same time we

9  submit it to the Court.

10          THE COURT:  Correct.

11          MR. FOURNIER:  Thank you, Your Honor.

12          THE COURT:  Very well.  Anything further?

13          MR. FOURNIER:  Nothing further, Your Honor.

14          THE COURT:  Thank you, counsel.  Stand in recess.

15                          * * * * *

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

       I, DENISE M. O'DONNELL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my ability.


/s/ Denise M. O'Donnell

DENISE M. O'DONNELL

J&J COURT TRANSCRIBERS, INC.        Date:  February 6, 2007

## CERTIFICATE OF SERVICE

I, Evelyn J. Meltzer, hereby certify that on the 6th day of March, 2007, I caused the

foregoing **Appellees' Cross-Designation of Record on Appeal** to be served upon the following

parties by U.S. Mail, first class, postage pre-paid:

VII Holdings Company
2711 Centerville Road, Suite 400
Wilmington, DE  19805

John Wilson
196 West River Street
Orange, MA  01364

David Buchbinder, Esquire
Office of the United States Trustee
844 King Street
Room 2207
Wilmington, DE  19899-0035


  /s/ Evelyn J. Meltzer
Evelyn J. Meltzer