IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Involuntary Chapter 7 |
| VII HOLDINGS COMPANY, | : |
| | : Bankr. Case No. 06-10935 |
| Debtor. | : |
| | : |
| JOHN WILSON, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 07-73-JJF |
| | : |
| CAMBRIDGE PROPERTIES, LLC, | : |
| and SOUTHBRIDGE SAVINGS BANK, | : |
| | : |
| Appellees. | : |

## MEMORANDUM ORDER

Pending before the Court is the Motion Of Cambridge Properties, LLC And Southbridge Savings Bank For Order Exempting Appeal From Mediation Process And Dismissing Appeal (D.I. 3). By their Motion, Appellees, Cambridge Properties, LLC and Southbridge Savings Bank, request the Court to dismiss this appeal based on Appellant's failure to file a designation of record within ten days of the filing of his notice of appeal as required by Federal Rule of Bankruptcy Procedure 8006. Appellees contend that Appellant was aware of the filing deadline through both a docket entry and "upon information and belief" through his conversation with an employee of the Clerk of the Bankruptcy Court. Yet, Appellant failed to request an extension of time or otherwise comply with the deadline, and therefore, Appellees contends that dismissal is appropriate. In the alternative,

Appellees request the Court to excuse this case from the mandatory mediation process.

In response, Appellant contends that he did speak with a case manager from the Bankruptcy Court who informed him that he could file his designation of record with this Court once the filing fee was paid, the case was docketed and a case number was assigned. Appellant further contends that he has now complied with the procedural requisites of Rule 8006, and Appellees have failed to demonstrate any prejudice resulting from his delay. Thus, Appellant contends that dismissal of this appeal is not warranted. In addition, Appellant takes no position on whether to excuse the parties from the mediation requirement, leaving that decision to the Court's discretion.

The failure to comply with Rule 8006 is not jurisdictional. See e.g., Pamaco Partnership Mgmt. Corp. v. TMC Terraplan Mgmt. Corp., 158 B.R. 61, 65 (W.D. Va. 1993). As a result, dismissal for failure to comply with Rule 8006 is generally inappropriate absent a showing of bad faith or prejudice. In re Comer, 716 F.2d 168 (3d Cir. 1983).

In this case, Appellant is appearing pro se and represents to the Court that he may have received misguided advice from the Bankruptcy Court's Clerk's office regarding the filing requirements of Rule 8006. Although Appellant is ultimately responsible for compliance with the Bankruptcy Rules, Appellees

have not demonstrated that the extreme sanction of dismissal is warranted here. See In re Fred Haardt, 1991 WL 101555 (E.D. Pa. June 7, 1991) (recognizing that reliance on statements made by clerk's office personnel does not excuse noncompliance with court rules, but declining to dismiss appeal for failure to comply with procedural rules absent showing of bad faith or history of dilatoriness). Appellees make several allegations that Appellant has acted in bad faith; however, those allegations concern the merits of the underlying appeal. The Court can discern no evidence of bad faith based on the submissions related to this issue. Moreover, Appellant has now designated the record in compliance with Rule 8006, and the Court cannot conclude that Appellees have been prejudiced by the delay.[1] Accordingly, the Court will deny Appellees' Motion to the extent it seeks dismissal of this appeal. The Court further concludes that, in the circumstances of this case, the mediation requirement should be excused.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion Of Cambridge Properties, LLC And Southbridge Savings Bank For Order Exempting Appeal From Mediation Process

---

[1] Although Appellant's designation of record did not include a statement of issues on appeal as is also required by Rule 8006, Appellant has laid out the issues related to this appeal in his Opposition to Appellees' Motion To Dismiss. (D.I. 6 at 3-4.) Accordingly, the Court concludes that Appellant has satisfied the requirements of Rule 8006.

And Dismissing Appeal (D.I. 3) is **DENIED** to the extent that it seeks dismissal of this appeal and **GRANTED** to the extent that it seeks to excuse this appeal from the mediation process.

2. The mandatory mediation requirement for the above-captioned appeal is waived.

3. The parties shall adhere to the following briefing schedule unless an otherwise agreed upon schedule is filed within **fifteen (15) days** of the date of this Order:

   a. Appellant's Opening Brief on appeal shall be filed within **fifteen (15) days** of the date of this Order.

   b. The Answering Brief on appeal shall be filed within **fifteen (15) days** of receipt of the Opening Brief.

   c. The Reply Brief on appeal shall be filed within **ten (10) days** of receipt of the Answering Brief.

March 5, 2007
DATE

[signature]
UNITED STATES DISTRICT JUDGE