```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

IN RE:                          :
                                :  Involuntary Chapter 7
VII HOLDINGS COMPANY,           :
                                :  Bankr. Case No. 06-10935
        Debtor.                 :
_____:_____
                                :
JOHN WILSON,                    :
                                :
             Appellant,         :
                                :
        v.                      :  Civil Action No. 07-73-JJF
                                :
CAMBRIDGE PROPERTIES, LLC and   :
SOUTHBRIDGE SAVINGS BANK, et al.:
                                :
             Appellees.         :
_____
```

John Wilson, Pro Se Appellant.

James T. Hargrove, Esquire and Peter D. Bilowz, Esquire of GOUSTON & STORRS, P.C., Boston, Massachusetts.
David M. Fournier, Esquire of PEPPER HAMILTON, LLP, Wilmington, Delaware.

---

**MEMORANDUM OPINION**

July 13, 2007
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is an appeal of the January 16, 2007 Order of the United States Bankruptcy Court for the District of Delaware annulling the automatic stay and dismissing the involuntary bankruptcy petition.  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).  Since the filing of the appeal, Appellant has failed to file an Opening Brief in accordance with Federal Rule of Bankruptcy Procedure 8009(a)(1).  For the reasons discussed, the Court will dismiss this appeal with prejudice.

## BACKGROUND

Appellant filed this appeal on February 8, 2007.  Appellees responded to the filing with a motion to dismiss based upon Appellant's failure to file a designation of record within ten days of the filing of his notice of appeal as required by Federal Rule of Bankruptcy Procedure 8006.  For the reasons discussed in the Memorandum Order dated March 5, 2007 (D.I. 11), the Court denied Appellees' motion and ordered Appellant to file an Opening Brief within fifteen days of the Court's Order.  Thereafter, Appellant filed a Motion For Extension of Time, which the Court granted.  Pursuant to this Order (D.I. 14), Appellant's Opening Brief was due on May 18, 2007, but none was filed.

On May 31, 2007, the Court issued another Order (D.I. 15) requiring Appellant to file an Opening Brief within fifteen days. As a result, Appellant's Opening Brief was due June 15, 2007, and to date, Appellant has failed to comply or otherwise respond to the Court's Order.

## DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8001(a), the Court may dismiss an action for failure to prosecute. In determining whether dismissal is appropriate, the Court must consider (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Appellant has not taken any action to prosecute his appeal since the filing of his March 20, 2007 request for an extension of time which was made in response to the Court's March 5, 2007 Order requiring Appellant to file an Opening Brief. The Court granted his request and ordered Appellant to file his Opening

2

Brief by May 18, 2007, and Appellant failed to do so. The Court then ordered Appellant for a third time in this litigation to file an Opening Brief and warned Appellant that the failure to comply with the Court's directive would result in the dismissal of this action. Appellant has repeatedly failed to comply with the Court's Orders and has failed to offer any reason for his non-compliance. His history of dilatoriness has been of his own making, and his conduct shows a disregard for the appellate process which is consistent with bad faith. See e.g., In re eToys, Inc., 2007 WL 625850, *1 (D. Del. Feb. 27, 2007). His conduct is also prejudicial to Appellees insofar as it completely stalls the progress of this appeal. The Court is convinced that, in light of his utter failure to respond to the Court's Orders, alternative sanctions would be ineffective. Courts in similar circumstances have reached this same conclusion. See In re Richardson Indus. Contractors, Inc., 189 Fed. Appx. 93, *4 (3d Cir 2006) (collecting cases upholding dismissal for failing to take steps beyond filing notice of appeal, such as failing to file an opening brief); In re e-Toys, 2007 WL 625850 at *1 (dismissing appeal with prejudice where no opening brief was filed); Ocwen Federal Sav. Bank v. Jennings, 2006 WL 2403442 (D.N.J. 2006) (dismissing bankruptcy appeal for failure to

3

prosecute where no opening brief was filed and appellant failed to appear for show cause hearing).

The Court's conclusions regarding the preceding <u>Poulis</u> factors outweigh any merit that Appellant's appeal may have. Further, the Court notes that the Bankruptcy Court found that Appellant filed the involuntary chapter 7 petition in bad faith, and this finding would not be reversed unless it was clearly erroneous. Thus, Appellant's likelihood of success on the merits of his appeal is questionable, at best.

## CONCLUSION

In sum, the Court concludes that the <u>Poulis</u> factors weigh in favor of the dismissal of this appeal with prejudice.

An appropriate Order will be entered.